UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY SHEDRACK AFORIGHO, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19–CV–01778 |
| TAPE PRODUCTS COMPANY (TPC), | § § § | |
| Defendant. | § § | |

# **ORDER**

Pending before me is Plaintiff's Motion for Leave to File an Amended Complaint ("Motion to Amend"). *See* Dkt. 10. This case presents a unique factual scenario and intriguing legal questions that might pop up on a law school exam, testing a student's knowledge of federal civil procedure. Initially, I must weigh in on whether the Motion to Amend has been timely filed. If it has been timely filed, I must then determine whether the Texas relation-back or federal relation-back rule applies to the facts of this case. In the event I conclude that the federal rule applies, I must then decide whether Federal Rule of Civil Procedure 15(c) ("Rule 15(c)") permits a plaintiff to file amended claims that relate back to an original pleading that asserted only time-barred claims. I am confident that most law professors would find the procedural posture of this case and the legal issues at play fascinating. At the same time, I am also quite certain that most law students, even the most serious candidates, would be left scratching their heads to figure out the proper result.

After carefully reviewing the legal briefing, analyzing the relevant case law, and hearing oral argument, the Motion to Amend is **GRANTED** for the reasons discussed below.

## BACKGROUND

Plaintiff Larry Aforigho ("Aforigho") worked as the Houston territorial sales manager for Defendant Tape Products Company ("Tape") from October 2010 until he was terminated in October 2016. On January 27, 2017, Aforigho dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, claiming that he was terminated because of his race (African-American) and national origin (Nigerian). He received his right to sue letter from the EEOC on December 14, 2018.

Aforigho filed this lawsuit on March 12, 2019—88 days after he received his right to sue letter—in the 125th Judicial District Court of Harris County, Texas, alleging claims of intentional infliction of emotional distress and discrimination under the Texas Commission on Human Rights Act ("TCHRA"). *See* TEX. LABOR CODE § 21.001 *et seq*. Aforigho did not assert a Title VII cause of action in state court.

Tape removed the case to federal court in May 2019 on diversity grounds. Shortly after removing the case, Tape filed a Motion for Summary Judgment. In that motion, Tape argues that the case should be dismissed because Aforigho's state law claims are time-barred. Tape advances several independent reasons why Aforigho's state law claims are time-barred. First, Aforigho did not file and serve his TCHRA claim within 60 days of receiving his right to sue letter as required by state law. Second, Aforigho did

not institute his TCHRA cause of action within two years of filing his administrative complaint as required by state law. Finally, Tape contends that Aforigho's intentional infliction of emotional distress claim fails because it was not brought within the applicable two-year statute of limitations. In response to the summary judgment motion, Aforigho did not contest the underlying merits of Tape's arguments. Instead, Aforigho simply sought to file a proposed First Amended Complaint, dropping all state law claims and adding a Title VII cause of action. By the time Aforigho requested to add a Title VII claim, more than 90 days had elapsed since he received the EEOC's right to sue letter. This is important because, under federal law, Title VII claims must be filed within 90 days from the employee's receipt of the EEOC right to sue letter. *See* 42 U.S.C. § 2000e-5(f)(1).

Tape opposes Aforigho's attempt to file an amended complaint, arguing that it would be futile to allow Aforigho to amend his complaint because his Title VII claim is untimely. Tape maintains that Aforigho's Title VII claim cannot, under Rule 15(c), relate back to the originally filed state court action because the state law claims asserted in the Original Petition were time-barred when the lawsuit was filed. In response, Aforigho argues that his Title VII claim, although filed after the statutory 90-day period, is not time-barred because it relates back to the date of his Original Petition in state court under Rule 15(c). Since the Original Petition was filed within 90 days of receipt of the right to sue letter (88 days to be exact), Aforigho maintains his Title VII claim is timely—even though it relates back to the admittedly untimely state court action.

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit liberal amendment of pleadings. Rule 15(a) provides that "a party may amend its pleading with . . . the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district court should generally give a plaintiff at least one chance to amend under Rule 15(a), it is within the sound discretion of the district court to deny a motion to amend when amendment would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] evinces a bias in favor of granting leave to amend, . . . a district court need not grant a futile motion to amend.") (internal quotation marks and citations omitted). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Fifth Circuit has expressly held that a district court does not abuse its discretion in denying leave to amend where the new claims a plaintiff seeks to assert are barred by the statute of limitations. *See Winzer v. Kaufman Cty.*, 916 F.3d 464, 471 (5th Cir. 2019).

Because my ruling turns on whether Texas state law or federal law applies to the relation-back issue, it is critical to describe how the relation-back doctrine differs under state and federal law.

Rule 15(c) of the Federal Rules of Civil Procedure governs the amendment of pleadings in federal court. It provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—

in the original pleading." FED. R. CIV. P. 15(c)(1)(B). This standard is met if the original and amended complaints allege the same "general conduct" and "general wrong." *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d. 367, 375 (6th Cir. 2015) (internal quotation marks and citation omitted). Thus, by allowing a plaintiff to relate back his amended pleading to the date of the original pleading, the amended pleading becomes "timely even though it was filed outside an applicable statute of limitations [period]." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). "The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings." *Flores v. Cameron Cty.*, 92 F.3d 258, 272–73 (5th Cir. 1996) (quotation marks, brackets, and citation omitted). *See also FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) ("The theory that animates this rule is that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.") (internal quotation marks and citation omitted). "If a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint, then relation back is allowed." *Flores*, 92 F.3d at 273 (quoting *Conner*, 20 F.3d at 1386) (brackets omitted). "Notice is the critical element involved in Rule 15(c) determinations." *Id.* (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)). *See also Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 877 F.3d. 687, 694 (6th Cir. 2017) ("[I]f the original

complaint puts a defendant on notice of the plaintiff's general claim, then new allegations that merely build on that claim should come as no surprise.").

The wording of the Texas relation-back statute is notably different from its federal counterpart. It provides that a claim asserted in an amended petition relates back to the original petition "[i]f a filed pleading relates to a cause of action . . . *that is not subject to a plea of limitation when the pleading is filed*." TEX. CIV. PRAC. & REM. CODE § 16.068 (emphasis added). This "not subject to a plea of limitation when the pleading is filed" language means that a plaintiff cannot, under Texas law, relate back amended claims to an original petition that was time-barred when filed.

## ANALYSIS

**A.    AFORIGHO TIMELY REQUESTED LEAVE TO AMEND**

Tape first argues that leave to amend should be denied because Aforigho waited until after Tape had filed a motion for summary judgment to change his theory of the case and request the opportunity to amend the complaint. In making this argument, Tape notes that the Fifth Circuit has approved a district court's finding that "[a] party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990). That is true, but *Overseas Inns* is readily distinguishable from the case at hand. In *Overseas Inns*, the district court refused to grant a motion to amend where the plaintiff waited over two and a half years before seeking to amend its complaint, extensive pretrial activity had taken place, the defendant had filed a motion for summary judgment, and the plaintiff had filed its own motion for summary judgment

6

a year before it sought to amend the complaint. By contrast, this case had been on file in the federal system for just a little over two months when Aforigho asked to amend his complaint, and no significant pretrial activity such as discovery has occurred.

The Fifth Circuit has expressly held that "a pending motion for summary judgment does not *in itself* extinguish a plaintiff's right to amend a complaint." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 (5th Cir. 1992). Instead, the decision to grant or deny leave to amend in such a situation unquestionably lies within the sound discretion of the district court. *See id.* at 846. Given that so little time has elapsed since this case was removed to federal court, I do not find that allowing Aforigho to amend his lawsuit will be seriously prejudicial to Tape. *See McDonnel Grp., LLC v. Starr Surplus Lines Ins. Co.*, NO. 18-1380, 2019 WL 2482807, at *9 (E.D. La. June 14, 2019) (allowing intervenor plaintiff to amend its complaint when defendants' motions for summary judgment were filed approximately three months after intervention and leave was sought less than two months after summary judgment motions were filed); *Christopher v. Mobil Oil Corp.*, 149 F.R.D. 539, 543–46 (E.D. Tex. 1993) (allowing a plaintiff to amend his complaint when leave was sought six months after defendant filed a motion for summary judgment and before significant discovery had transpired). Additionally, my general belief that a plaintiff should be given at least one opportunity to amend his pleading in federal court (so long as the amendment is not designed to add a non-diverse defendant to defeat diversity jurisdiction) weighs heavily in favor of permitting amendment here.

B.   **THE FEDERAL RULES OF CIVIL PROCEDURE'S RELATION-BACK RULE APPLIES TO AN AMENDED PLEADING FILED IN FEDERAL COURT**

Tape posits that since "it would be impossible for Aforigho to assert Title VII claims at this juncture if the case were still pending in state court, it should be impossible for him to do so in this Court." Dkt. 12 at 15 (emphasis omitted). At first blush, this concept sounds reasonable. Upon deeper reflection, however, Tape's position soon loses its shine.

When this lawsuit was filed, Tape found itself in a unique position. It could unilaterally determine whether Texas state law or federal law applied to the relation-back issue. If Tape wanted to ensure that Texas state law applied, it did not have to remove this case to federal court. It could have chosen to proceed in state court and moved for summary judgment on the state law claims because they were unquestionably untimely. Had the case remained in Texas state court, any effort by Aforigho to file a Title VII claim would have been fruitless. The Texas relation-back statute would not permit the Title VII claim to relate back to the Original Petition because his initial state law claims were time-barred when filed. *See* TEX. CIV. PRAC. & REM. CODE § 16.068.

Once Tape made the decision to remove the case to federal court, however, the landscape changed dramatically. By agreeing to proceed in federal court, Tape became subject to the Federal Rules of Civil Procedure. *See Freeman v. Bee Mach. Co.*, 319 U.S. 448, 454 (1943) ("Congress has directed the District Court after a case has been removed to proceed therein as if the suit had been originally commenced in said district court.") (internal quotation marks and citation omitted). As the Fifth Circuit has noted, "[t]he

Federal Rules of Civil Procedure . . . 'apply to a civil action *after* it is removed from a state court.'" *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (quoting FED. R. CIV. P. 81(c)). *See also Pejouhesh v. Capitol One Bank*, 644 F. App'x 283, 284 (5th Cir. 2016) ("[B]ecause the complaint was properly removed, it was subject after removal to the Federal Rules of Civil Procedure."); FED. R. CIV. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.").

Even though Aforigho seeks leave to amend his lawsuit in federal court, Tape contends that I should apply the Texas relation-back statute rather than Rule 15(c) to determine whether the proposed amended complaint relates back to the Original Petition. Although creative, Tape's argument has been expressly rejected by the Fifth Circuit. In *Hensgens v. Deere & Co.*, the Fifth Circuit emphatically stated that "federal law regarding relation back of amendments to pleadings is controlling in diversity cases in federal court." 869 F.2d 879, 880 (5th Cir. 1989). The Fifth Circuit has reaffirmed that rule, and district courts have followed suit. *See, e.g., Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 n.4 (5th Cir. 1994) ("Rule 15(c)'s relation back doctrine, though it has the ultimate effect of 'tolling' limitations, is considered by this court to be purely procedural and is thus governed by federal law."); *Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987) ("Rule 15(c) is a truly procedural rule because it governs the in-court dispute resolution processes rather than the dispute that brought the parties into court."); *Mexican Rests., Inc. v. Epson Am., Inc.*, No. 1:09-CV-432, 2011 WL 13302102, *1 (E.D Tex. May 26,

2011) ("The relation back doctrine merely recognizes that purposes of a statute of limitations are accomplished by the filing of an earlier pleading, and is thus a purely procedural doctrine governed by *federal* law."). Tape correctly observes that a federal district court sitting in diversity must apply federal procedural rules unless application of a particular federal rule violates the Rules Enabling Act[1] or the Constitution. *See Hanna v. Plumer*, 380 U.S. 460, 470 (1965). This long-standing doctrine provides Tape no relief, however, since the Fifth Circuit held more than 30 years ago that Rule 15(c) is purely procedural and, as a result, "does not transgress the Rules Enabling Act." *Johansen*, 810 F.2d at 1380. Additionally, "it is undisputed that Congress has the constitutional power to enact Rule 15(c) governing federal court practice." *Id.*

Because Aforigho seeks to amend his complaint to add a Title VII claim in federal court after removal, the federal relation-back rule contained in Rule 15(c) controls my analysis.[2]

## C. RULE 15(C) PERMITS A NEW CLAIM IN AN AMENDED COMPLAINT TO RELATE BACK TO AN UNTIMELY FILED ACTION

Now that I have concluded that Rule 15(c) governs the relation-back inquiry in this case, I must decide whether Rule 15(c) permits a new claim in an amended complaint to relate back to an untimely-filed action. The starting point for my analysis is the text of

---

[1] The Rules Enabling Act provides that the federal rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b).

[2] To be clear, for relation-back purposes, the state rule applies to determine whether an amended petition filed in state court relates back to the date of the original petition. *See Taylor*, 744 F.3d at 946–47. In this case, however, Aforigho did not file an amended petition in state court. Because he proposes to file the amended pleading in federal court, Rule 15(c)'s relation-back rule controls the discussion.

10

Rule 15(c). It simply provides that an amendment should relate back to the date the original pleading was filed, making an otherwise belated claim timely. *See* FED. R. CIV. P. 15(c). But that begs the question: Does it matter under Rule 15(c) if the original pleading asserted only claims that were time-barred at the time of the lawsuit's filing? Unlike the Texas relation-back rule, which explicitly states that an amended claim does not relate back to an untimely-filed action, the federal rule is silent on this issue. Had the drafters intended to limit the applicability of Rule 15(c) when the underlying action was untimely, they could have easily included some language in the rule specifying as such. To me, it is telling that they did not do so.

Claiming that Rule 15(c) does not permit a plaintiff to relate back a new claim to an untimely original pleading, Tape directs me to a laundry list of cases from outside the Fifth Circuit. In *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), for example, the Seventh Circuit held that "in order to benefit from Rule 15(c)'s relation back doctrine, the original complaint must have been timely filed." In reaching this conclusion, the Seventh Circuit reasoned that an untimely original complaint is "a nullity" that cannot "act as a life-line for a later complaint, filed after the . . . statute of limitations for the claims which it contained." *Id.* at 932. *See also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("In order to benefit from [Rule 15(c)'s] 'relation back' doctrine, the original complaint must have been timely filed."). Similarly, in *Boggs v. 3M Co.*, 527 F. App'x 415, 418 (6th Cir. 2013), the Sixth Circuit adopted the Seventh Circuit's reasoning and concluded that "a plaintiff may not save one untimely claim by tacking it onto an untimely initial complaint." As far as district courts are concerned, the overwhelming

11

majority across the country have held that an amended pleading does not relate back under Rule 15(c) to the date of an earlier pleading that alleged only untimely claims.³

Although it is interesting to hear how various courts across the country view Rule 15(c), I take my directions from the Fifth Circuit.⁴ I must follow and apply binding Fifth

---

³ *See, e.g., Norman v. Massey Enters.*, No. 1:17 CV 194 SNLJ, 2019 WL 2357360, at *2 (E.D. Mo. June 4, 2019) ("This Court is in agreement with those that have held that it strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint.") (internal quotation marks and citation omitted); *Miley v. Doe*, No. 18-355-JWD-RLB, 2018 WL 6599112, *4 (M.D. La. Oct. 5, 2018) ("[I]t is well-settled that an amended complaint may not relate back to an untimely filed action.") (quotation marks and citation omitted); *Massenburg v. United States*, No. 5:07-CR-194-F-1 2016 WL 3647781, at *5 (E.D.N.C. Jun. 14, 2016) ("The relation back provision of Rule 15(c) cannot rescue the motion to amend from tardiness because that provision can apply only where the original pleading was timely filed."); *Clink v. Oregon Health and Sci. Univ.*, 9 F. Supp. 3d 1162, 1166 (D. Ore. 2014) ("Mr. Clink cannot rely on Federal Rule of Civil Procedure 15(c) to resurrect his untimely Original Complaint for the purpose of avoiding the statute of limitations on his new ADA claim."); *Washington v. Potter*, No. 09-1774, 2010 WL 2635647, at *4 (N.D. Ga. Apr. 16, 2010) ("[P]laintiff's original complaint was untimely, and there is effectively nothing for the Title VII claim, pled in the amended complaint, to relate back to.") (internal quotation marks and citation omitted); *Becker v. Advanced Tech. Servs.*, Inc., 6:08-cv-03045-GRA-BHH, 2009 WL 10678019, at *1 (D.S.C. May 27, 2009) (limiting the applicability of Rule 15(c) when the underlying action was untimely); *Jones v. Motley*, No. 07-111, 2009 WL 1458209, at *4 (E.D. Ky. May 26, 2009) ("[I]t is axiomatic that in order to amend, the party seeking to amend must have a timely pleading already on file.") (internal quotation marks and citation omitted); *Shultz v. Ottawa Cty. Sherriff's Dep't*, No. 07-CV-570-GKF-PJC, 2008 WL 2510124, at *6 (N.D. Okla. June 19, 2008) ("Rule 15(c)'s relation back doctrine should apply only if the original pleading to which the party seeks amendment was timely filed. A stale claim cannot circumvent the statute of limitations by attaching onto another untimely, but earlier filed, claim."); *U.S. ex rel. Miller v. Bill Herbert Intern. Const.*, 505 F. Supp. 2d 1, 4 n.4 (D.D.C. 2007) ("[A]n amended pleading may not relate back to an untimely original pleading."); *Papenthien v. Papenthien*, 16 F. Supp. 2d 1235, 1240–41 (S.D. Cal. 1998) ("It strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint. Stated otherwise, it simply makes no sense to hold that a complaint that was dead on arrival can breathe life into another complaint.").

⁴ Claiming that the Supreme Court has endorsed its view of rule 15(c), Tape quotes a single sentence from the Supreme Court's *Krupski* opinion: "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a *timely* filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." 560 U.S. at 541 (emphasis added).

This one sentence from K*rupski* does not end the discussion. First, and importantly, the *Krupski* Court's statement is mere dicta. I am not convinced that the Supreme Court haphazardly created

Circuit precedent, and the Fifth Circuit has spoken loudly and clearly on the issue presently before me: "The viability of a cause of action in an original complaint does not necessarily affect the application of the relation-back doctrine. . . . [A]n amendment can relate back even though the original claim is not within the jurisdiction of the court." *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991) (citation omitted).

There are several Fifth Circuit cases specifically addressing whether a Title VII claim raised for the first time in an amended complaint can relate back even though the original claim was not timely. In *Caldwell v. Martin Marietta Corp.*, for example, the plaintiff, in his original petition, brought a time-barred 42 U.S.C. § 1981 ("Section 1981") race discrimination claim against a defendant employer. 632 F.2d 1184, 1185 (5th Cir. 1980). The plaintiff filed the original complaint one day before the 90-day limitations period applicable to Title VII claims. *See id.* The Fifth Circuit held that although the plaintiff's Section 1981 claim was time-barred, his Title VII claim, brought for the first time in his amended complaint, was nonetheless timely as it related back to the original complaint's filing date under Rule 15(c). *See id.* at 1187. The basis for this determination was that the "facts necessary to support a claim for relief under Title VII are nearly identical to the facts which support a claim under [Section] 1981." *Id.* at 1186.

---

new law in this fashion. Moreover, in my view, when the *Krupski* Court mentions timeliness, it is specifically referring to the original pleading's filing date in relation to the statute of limitations for the claim raised in the amended pleading. In this light, the statement in *Krupski* merely affirmed a well understood relation-back principle: for a time-barred claim added via an amended pleading to benefit from the relation-back doctrine, the date of the original pleading must have fallen within the statute of limitations period applicable to the claim asserted in the amended pleading. In other words, the relation-back doctrine will not save a claim added by amendment when the original pleading filing date does not cure the amended claim's statute of limitations issue.

13

Similar to the plaintiff in *Caldwell*, the plaintiff in *Sessions v. Rusk State Hospital* asserted only a Section 1981 race discrimination claim in his original complaint, which was barred by the Eleventh Amendment. 648 F.2d 1066, 1067–68 (5th Cir. 1981). The plaintiff amended his complaint to bring Title VII claims. *See id.* Following its holding in *Caldwell*, the Fifth Circuit in *Sessions* held that the plaintiff's later-added Title VII claims related back to his original complaint, which only brought a Section 1981 claim barred by the Eleventh Amendment. The *Sessions* court noted:

> A complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction. If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed. So long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant for the original complaint furnished adequate notice of the nature of the suit. Here the Title VII and Section 1981 claims were based on identical facts and identical allegations of discrimination. Therefore, we hold that the Title VII claim was timely filed and we turn to the merits of that claim.

*Id.* at 1070 (citations omitted).

"The common thread running through [*Caldwell*, *Sessions*, and another Fifth Circuit case] is that the relation-back doctrine is controlled not by the captions given a particular cause of action, but by the underlying facts upon which the cause of action is based." *Watkins*, 922 F.2d at 265. In this case, there is no question that the proposed amended complaint and the Original Petition filed in state court arise out of the same underlying facts. The two pleadings involve virtually identical factual allegations, with both complaining that Tape illegally terminated Aforigho's employment. The only real

14

difference between the two pleadings is that one asserts state law causes of action while the other alleges a federal Title VII claim. But even that difference lacks any substantive meaning since "the law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999). The TCHRA was "modeled after federal civil rights law" and has as an express purpose to provide for the execution of the policies of Title VII. *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999). Because Tape was on notice after reading the state court petition of the type of conduct for which Aforigho complained, "the effective conversion of [Aforigho's] state law claim to an analogous federal law claim after removal should not affect the nature of the defense." *Garcia v. Aramark Corr. Servs.*, Inc., No. 3:07-cv-00444, 2008 WL 7627809, at *5 (S.D. Tex. Apr. 28, 2008).

Following in the footsteps of *Caldwell* and *Sessions* are numerous other decisions from Fifth Circuit panels and district courts within the Fifth Circuit that stand for the proposition that the relation-back doctrine is available even when the claims asserted in the original pleading were untimely. *See, e.g., Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 342–43 & n.3 (5th Cir. 2005) (amended complaint's Section 1981 claims related back to the original complaint asserting Title VII claims that "had a jurisdictional defect"); *Johansen*, 810 F.2d at 1380 (amended complaint's state-law claims related back to the original complaint asserting time-barred state-law claims); *Lee v. Mission Chevrolet, Ltd.*, EP-16-CV-00034-DCG, 2017 WL 4784368, at *5 (W.D. Tex. Oct. 23, 2017) ("[T]he Fifth Circuit has repeatedly held that an amended claim related back to the original complaint that asserted jurisdictionally defective or time-barred claims.");

*Garcia*, 2008 WL 7627809, at *5 (permitting a plaintiff to add a federal age discrimination claim even though the original state court petition asserted an untimely age discrimination claim under state law); *Boone v. Union Carbide Corp.*, 205 F. Supp. 2d 689, 694 (S.D. Tex. 2002) (holding that Rule 15(c)'s relation back doctrine "applies even when the court lacks subject matter jurisdiction over the claims in the original pleading").

In an effort to minimize the impact of *Caldwell*, *Sessions*, and the other cases holding that Rule 15(c) permits relation-back when the original pleading was untimely, Tape points out that those cases all originated in federal court and were premised on federal question jurisdiction. By contrast, the current case was originally filed in state court and removed to federal court based on diversity jurisdiction. In my view, these are distinctions without a difference. "Although these cases involved original pleadings filed in federal court, there is no sound reason to believe that their holdings should not apply where, as here, the original pleading was filed in state court before removal." *Lee*, 2017 WL 4784368, at *5.

It is true that Aforigho originally disavowed a federal cause of action in his state court petition, but it is not at all uncommon for once-disavowed claims to be resurrected by amendment. *See, e.g, Sessions*, 648 F.2d at 1070; *Caldwell*, 632 F.2d at 1187. In determining whether an amended claim relates back to an original pleading's filing date, the key question a district court must ask is not whether the original pleading asserted timely claims, but rather whether the cause of action a plaintiff seeks to add in the

amended pleading would have been timely filed had it been included in the original pleading.

Although Aforigho only asserted time-barred state law claims in his Original Petition, he did file the lawsuit within 90 days of receiving the EEOC missive. It is well-settled that a Title VII claim must be brought within 90 days after an employee receives a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Therefore, the proposed Title VII claim Aforigho seeks to include in an amended complaint would have been timely had he included it in the Original Petition. That being the case, I am required by Fifth Circuit authority to hold that the proposed Title VII claim relates back to the date of Aforigho's original state court petition under Rule 15(c) and is, thus, not time-barred.

## CONCLUSION

To summarize, I have determined that (1) Aforigho timely requested leave to amend; (2) Rule 15(c)'s relation-back rule applies to an amended complaint filed in federal court; and (3) Rule 15(c) permits a new claim in an amended complaint to relate back to an untimely filed action. Given these determinations, it is my view that permitting Aforigho to amend his complaint to add a Title VII claim would not be futile. Keeping in mind that there is a bias to grant leave to amend when the new claim would not be futile, the Motion to Amend (Dkt. 10) is **GRANTED**.

SIGNED this 3rd day of January, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE