United States District Court
Southern District of Texas
**ENTERED**
July 15, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY SHEDRACK AFORIGHO, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19–CV–01778 |
| TAPE PRODUCTS COMPANY (TPC), | § § § | |
| Defendant. | § § | |

# MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant Tape Products Company's Rule 12(b)(5) and Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint; or, In the Alternative, Motion for Summary Judgment ("Motion to Dismiss"). *See* Dkt. 27. After carefully reviewing the legal briefing and analyzing the relevant case law, I recommend that the Motion to Dismiss be **DENIED** for the reasons discussed below.

## BACKGROUND

Plaintiff Larry Aforigho ("Aforigho") worked as the Houston territorial sales manager for Defendant Tape Products Company ("Tape") from November 2010 until Tape terminated him in October 2016. On January 27, 2017, Aforigho dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, claiming that Tape terminated him because of his race (African American) and national origin (Nigerian). He received his right-to-sue letter from the EEOC on December 14, 2018.

Aforigho filed this lawsuit on March 12, 2019—88 days after receiving his right-to-sue letter—in the 125th Judicial District Court of Harris County, Texas, alleging claims of intentional infliction of emotional distress and discrimination under the Texas Commission on Human Rights Act. *See* TEX. LAB. CODE § 21.001 *et seq.* Aforigho did not assert a Title VII cause of action in state court.

Tape removed the case to federal court in May 2019 on diversity grounds. Shortly after removing the case, Tape moved for summary judgment. In response to the summary judgment motion, Aforigho sought to file a First Amended Complaint, dropping all state law claims and adding a Title VII cause of action. Tape opposed Aforigho's request to amend. Ultimately, I allowed Aforigho to amend his pleading, explaining that:

> (1) Aforigho timely requested leave to amend; (2) Rule 15(c)'s relation-back rule applies to an amended complaint filed in federal court; and (3) Rule 15(c) permits a new claim in an amended complaint to relate back to an untimely filed action. Given these determinations, it is my view that permitting Aforigho to amend his complaint to add a Title VII claim would not be futile.

*Aforigho v. Tape Prods. Co.*, 334 F.R.D. 86, 95 (S.D. Tex. 2020).

Tape now claims that the First Amended Complaint (Dkt. 21), which Aforigho filed in accordance with my order, fails under Rules 12(b)(5), 12(b)(6), and 56 of the Federal Rules of Civil Procedure because Aforigho failed to timely file and serve the Title VII claim "as required by Texas law." Dkt. 27 at 3.

## APPLICABLE LEGAL STANDARDS

A.   **RULE 12(b)(5)**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011) (quotation marks and citation omitted). "A district court . . . has broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

B.   **RULE 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, I must view the well-pleaded facts in the light most favorable to the plaintiff. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). In assessing the complaint's sufficiency, I must limit my review "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## C. RULE 56

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Put another way, "[s]ummary judgment is proper when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). A fact issue is material "only if its resolution could affect the outcome of the action." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (internal quotation marks and citation omitted). When deciding whether a fact issue exists, I must review the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. *See Bourne v. Gunnels*, 921 F.3d 484, 492 (5th Cir. 2019).

## DISCUSSION

Tape contends that Aforigho's Title VII claim is untimely under Texas law because Aforigho failed to file and serve it within 90 days of his receipt of a right-to-sue letter from the EEOC. This contention is flawed because it erroneously combines state and federal legal principles, and federal law alone must control my analysis. To demonstrate this error, I will begin by discussing federal law. Then I will explain where Tape seemingly inserted state law into its argument.

Federal law requires a plaintiff to file a Title VII action within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). In federal court, the 90-day limitation period is satisfied so long as the suit is *filed* within that limitation period.

*See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("This requirement to file a lawsuit within the ninety-day limitation period is strictly construed.  Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.") (citations omitted).  *See also Echols v. Strickland*, 92 F.R.D. 75, 76 n.1 (S.D. Tex. 1981) ("[I]n federal court, for federal causes of action such as a claim under Title VII, there is no requirement of diligent service of process and the filing of the complaint is enough to toll the statute of limitations.").  In federal courts, the issue of *service* is not controlled by the Title VII limitation period, but by Rule 4(m) of the Federal Rules of Civil Procedure, which requires that a defendant be "served within 90 days *after the complaint is filed*." FED. R. CIV. P. 4(m) (emphasis added).

In this case, Aforigho first alleged the Title VII claim in the First Amended Complaint, which he *filed* in this court after removal.  As the Fifth Circuit has noted, "[t]he Federal Rules of Civil Procedure . . . 'apply to a civil action *after* it is removed from a state court.'"  *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (quoting FED. R. CIV. P. 81(c)(1)).  As mentioned above, Aforigho's Title VII claim relates back to the filing date of the state court petition, which he filed within Title VII's 90-day limitation period.  This alone means Aforigho's Title VII claim is not time-barred as a matter of law.  *See Boone v. Union Carbide Corp.*, 205 F. Supp. 2d 689, 695 (S.D. Tex. 2002) ("[T]he Court finds that Plaintiff's Title VII claim relates back to the date of the filing of Plaintiff's Original [Petition] pursuant to Fed. R. Civ. P. 15(c), such that Plaintiff's Title VII claim is not time-barred as a matter of law.").

Tape attempts to sidestep this conclusion, asserting that "the court looks 'to state law to ascertain whether service was properly made prior to removal.'" Dkt. 27 at 6 (quoting *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)). This is an accurate statement of law, but Tape fails to acknowledge that the Fifth Circuit has noted that "state procedural rules will continue to govern *with respect to any issues that arose prior to removal.*" *Taylor*, 744 F.3d at 947 n.4 (quoting 14 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 81.04[2] (3d ed. 2013)) (emphasis added). In other words, if Tape was simply challenging whether it was properly served before removal, I would look to Texas law. Here, however, Tape challenges service as it relates to Title VII's limitation period. Because Aforigho added the Title VII claim by amendment after removal to federal court, this issue clearly did not arise prior to removal. As Federal Rule of Civil Procedure 81(c)(1) expressly states, the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." FED. R. CIV. P. 81(c)(1). Thus, *Freight* does not control my analysis.

Next, citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980), Tape argues that when "the Court exercises diversity jurisdiction, it must look to the laws of Texas regarding the statutory period." Dkt. 27 at 6 (emphasis omitted). With *Walker* as its North Star, Tape injects Texas law into the analysis, averring that under Texas law a plaintiff must file his petition and serve the defendant before the statute of limitations has run; and, if a plaintiff fails to do so, he must demonstrate due diligence in achieving service of process. Tape's reliance on *Walker* and Texas law is misplaced.

6

As explained by one federal court, *Walker* is applicable under the following circumstances: "When *addressing a state-law claim*, a federal court follows the state's service of process laws in determining when an action is commenced for the purpose of tolling the statute of limitations unless the state's service law directly conflicts with a federal rule." *DT Apartment Grp., LP v. CWCapital, LLC*, No. 3:12-CV-0437-D, 2012 WL 6693192, at *25 (N.D. Tex. Dec. 26, 2012) (emphasis added). *See also Cheatum v. Blanda*, No. 1:08-CV-299, 2010 WL 1071386, at *7 (E.D. Tex. Feb. 22, 2010) ("*For causes of action under Texas law*, federal diversity courts apply Texas statutes of limitation, along with any accompanying Texas rules regarding accrual of the cause of action and tolling of the statutory period.") (emphasis added); *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1017 (W.D. Tex. 2000) ("The Supreme Court made clear [in *Walker*] that *when a federal court hears state law claims*, Rule 3 [of the Federal Rules of Civil Procedure] does not displace state tolling rules for purposes of the state's statute of limitations.") (emphasis added). These cases clarify that *Walker* applies when a federal court considers state law claims asserted based on diversity jurisdiction. While that may have been the posture of this case upon removal, that quickly changed when Aforigho filed his First Amended Complaint. Upon amendment, Aforigho abandoned his state law claims and now asserts only a Title VII federal claim. Thus, although this case was removed based on diversity jurisdiction, I now also have federal question jurisdiction. *See Hardmon v. U.L. Coleman*, No. CV 17-1118, 2020 WL 1536452, at *3 (W.D. La. Mar. 31, 2020) ("Because Title VII is federal law, the Court may exercise federal question jurisdiction over those claims pursuant to § 1331."). This means that federal law must control my

7

analysis. *See Cruz v. Don Pancho Mkt., LLC*, 171 F. Supp. 3d 657, 666 (W.D. Mich. 2016) ("In federal question cases, federal courts obviously apply federal substantive law and federal procedural law.").

Under federal law, a suit "is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In this case, Aforigho first asserted the Title VII claim when he filed the First Amended Complaint in this Court. Moreover, I have already determined that Rule 15(c)(1)(B) allows the filing date of the First Amended Complaint to relate back to the filing date of the original state court petition. *See Aforigho*, 334 F.R.D. at 95. Consequently, I find that Aforigho's Title VII claim is timely and that Aforigho filed it in compliance with Title VII's 90-day limitations period. *See Boone*, 205 F. Supp. 2d at 695.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that the Motion to Dismiss (Dkt. 27) be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Houston, Texas, this 15th day of July, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE